Next we have In re Niczyporuk, Scott Stafny arguing for appellant, Ryan Carson arguing for appellees. Alright, thank you. Mr. Stafny, would you like to reserve any time for rebuttal? I would, five minutes. Alright, thank you. Please begin. The Bankruptcy Court needed to adjudicate that subject matter jurisdiction existed in order for it to have dismissed Niczyporuk's adversary complaint as well as to have granted the purported creditor's motion for relief from stay. And with respect, it is Niczyporuk's position that this court has a sua sponte duty to determine on its own whether subject matter jurisdiction was proven with regards to each of the Bankruptcy Court orders upon which these appeals are premised. Niczyporuk would urge this panel that consideration of Niczyporuk's late filed brief with regards to her appeal of the Bankruptcy Court's grant of relief from stay might help this panel in performing this task, which is part of the judicial discipline necessary for the exercise of article three judicial power. And those same arguments will be offered to those appellate courts, which will review this panel's decisions regarding the Bankruptcy Court's exercise of article three judicial power applicable to the facts of this case. So, counsel, are you suggesting that the Bankruptcy Court didn't have jurisdiction to resolve the adversary proceeding that your client filed? No, I'm not, Your Honor. He did. What I am suggesting is that even as part of that adversary proceeding, in order for it to have been dismissed, there would have had to be... jurisdiction for the claims which were being made. Because the two things are pretty much indistinguishable. While he did, he must have found that he had jurisdiction with regards to the motion for relief from stay. He still needed jurisdiction in order to have dismissed the adversary complaint on the merits, which he did. But didn't you purport, didn't Ms. Porrick argue when she filed the adversary proceeding that it was a determination could be made by the bankruptcy judge that he had authority under the bankruptcy code or the rules or the law to determine the merits of what she was asking for relief for? Certainly, Your Honor. And the two are not necessarily opposed. And what I will do is go on to further elaborate the judicial inquiry arguments and aware that I may have to further brief this later on. Because of the way NYSPORC's proceedings below were handled by the bankruptcy court, this case, which involves important issues for this nation, has become a simple one to resolve for purposes of these specific appeals. NYSPORC appeals assert that the bankruptcy court prematurely dismissed her claims against the statutory trustee and the purported creditors before that trial court conducted a proper judicial inquiry as to the facts and law on which those trial court decisions were premised. The factual and legal issues which are before this court regarding the bankruptcy court's decisions include, without limitation, those set forth at pages four through five of Ms. Porrick's opening brief and also the one asserted by respondents regarding the appropriate standard for denial of the motion for reconsideration. And also with regard to appellant's assertion that NYSPORC's claims were, I mean, the appellee's assertion that NYSPORC's claims were appropriately dismissed pursuant to the equitable doctrine of claim preclusion. Appellees do not dispute that the bankruptcy court adjudicated disputed facts pursuant to a motion for summary judgment in order to reach its judgments dismissing NYSPORC's adversary complaint and granting the purported appellant's motion for relief from SAIG. Excuse me, counsel, just one second. But what you're saying is the court resolved disputed issues of material facts. And in fact, the court's decision revolved around the doctrine of collateral estoppel or issue preclusion. Correct? Yes. Okay. You did not in your opening brief that you filed in either appeal address the doctrine or the application of the doctrine of collateral estoppel. So why shouldn't this court simply affirm the decision based upon your failure to address that basis of the court's ruling? Your Honor, the appellees had the burden of proving its preclusion argument. But they cited no authority whatsoever. The facts of this case entitled them to application of equitable. Does that matter? Does that matter to us if the basis of the court's decision was a legal one and you don't address it on appeal? I believe it does, Your Honor. Your Honor, even if one forgives this omission on their behalf to have argued to either the bankruptcy court or this court that it should be dismissed under the doctrine of claim preclusion in Washington, it is well established that issue preclusion should be invoked by bankruptcy courts only after careful inquiry because it blocks unexplored class that may lead to truth. But doesn't the appellate rules still require that you address the basis for the decision in your opening brief and failure to do so waives any challenge you may make to that claim? Well, Your Honor, actually, the opening brief has many facts that go to that. For example, when you get to the question of claim preclusion, it's based on the notion that a claim can be precluded where a note has been lost and that has not been disclosed. But as is pointed out in the original brief, such modifications, it's not clear at all as to whether they can either make a modification. And with regard to that, I'm relying on the congressional oversight report. What you're conceding is you didn't address the question of claim preclusion. What you're conceding is you raised issues of material fact with regard to the grant of summary judges. Your Honor, I would prefer to say I am not conceding anything. It has long been a principle of equity and of justice that courts will look to the facts and apply the law. And in a case involving the magnitudes of the issues being raised here, that would go directly opposite this. And in my view, and one which I'm perfectly happy to argue on appeal, would violate the Constitution. I'm happy to answer any other inquiries you have with regard to that. But what I would say is here preclusion has not been shown to be appropriate, either factually or legally, for the reasons stated in Ms. Borich's reply brief at pages 13 through 17, including without limitation the question of fact and law as to whether a purported creditor of a note which has been lost has the authority to enter into a modification. And, of course, that gets us back to the subject matter jurisdiction argument that I began with because the note itself has its own creditor requirement that they be a note holder. And Washington statutes have a statutory standing requirement that they have to possess the lost note. So, counsel, what evidence did you present that was contrary to the declaration specifically that they held possession of the note in a specific location in California in a bank vault? What actual evidence, not speculation, not records that you believe demonstrate, what testimony or evidence did you present contradict that? Your Honor, I referred or not my clients referred to the declaration of the police, which was supposed to prove that. And they showed that the assertions in that declaration that the note was attached and the deed of trust was attached were false and that that was made under penalty of perjury. Answer my question. The question was the declaration that stated the note was in existence in a bank in California and they had possession of it. What evidence did you present that that was, in fact, not true? Because he says in his declaration that he has attached a copy of the note and the deed of trust and they are not attached. So you've got multiple levels of problems here. One, he's testifying under oath that he has done something that he has not done. And two, you have a problem in that it goes to Nice Boric's arguments that the government, excuse me, that the police are using an electronic note. And if you take a look at the 2006 version of the Washington Code, you couldn't have a security interest in a mortgage at that time. But you could have a security interest in electronic channels at that time. And the way you achieved this security interest was by creating an authoritative copy. So basically, he's able to sidestep this whole issue by simply not attaching those documents. And they have not met their burden of proof under those circumstances. Our whole position here is you're probably aware that we believe that courts, voting bankruptcy courts, are helping those seeking to foreclose on homes to take them by not requiring them to meet those basic legal norms that everybody else must. And we think that, well, that may have been appropriate at the height of the financial crisis. It's not appropriate now where it appears that the affilies in this case and the courts which are supporting them not having to make those proofs are all engaged in the same thing. And so it is our position that under these circumstances, the bankruptcy court, this court, the Court of Appeals, and the Supreme Court have an obligation to the people to investigate these charges where they go to the very basis of the court's power to decide these cases. You have about half a minute left. Do you want to reserve? Yes. All right. Thank you. Appellee? Thank you, panel. My name is Ryan Carson. I am an attorney for the appellee in this matter. I don't have a lot of time necessary here. I think the core issue here, as I read the court below's decision on the motion to dismiss converted to a motion for summary judgment, is that there are alternative bases for the court's decision. On the one hand, the court determined that the particular challenges to the appellee's standing to foreclose on the note on the deed of trust, enforce the terms of the note, et cetera, were satisfied by finding that there was no question of material fact as to possession and location of the note. And as His Honor, Mr. Gann, pointed out, there is nothing on the record that calls into question the veracity of that particular statement. Now, the argument here is that because of maybe an erroneous filing, a filing that lacked a certain exhibit, that that in and of itself is evidence that the note doesn't exist or the note's been lost or destroyed. But that is not affirmative evidence from the debtor that it is. It is evidence that perhaps there was a mistake made in filing the particular document from Mr. Fogelman. But the testimony that the note exists and exists in a vault was not controverted. That evidence was before the Bankruptcy Court and appropriately the Bankruptcy Court ruled that the appellee's had standing. Secondarily, there's the question of this claim preclusion. And here, I think it's important to go through the history just briefly because as was briefed and presented here and below, you've had a Chapter 7 matter that was brought by the debtors in 2011. There, they declared their intention to reaffirm the debt and they received their discharge. In 2016, they sued on a variety of theories to essentially stop the foreclosure at that time and the enforcement of the note and deed of trust. Ultimately, that lawsuit is dismissed with prejudice on stipulation of the parties. Thereafter follows a loan modification in which the debtor accepts alternative terms for the modification in exchange for a cessation of the foreclosure and modification of the loan itself to deal with the loan default. Unsatisfied, apparently, and unable to make the payment after that 2019 modification, we come to the present bankruptcy matter that was filed in 2023 along with the adversary matter. And here, contrary to prior representations, prior attempts at stopping all of this, the debtors now claim essentially that perhaps they didn't know what they were doing in 2016. They didn't know what they were doing in 2019 when they agreed to a modification and that because of these particular issues, they should be able to argue all of the things, bring all of the issues back that they had brought previously. The court below rightly determined that these issues, the questions of standing, the questions of a variety of what he calls judicial inquiries, were barred by either the doctrine of collateral estoppel or res judicata, and there's no evidence to suggest that the court did not make an appropriate factual inquiry. Admittedly, the opinion on the motion for summary judgment is short, but is what is being requested that the court below present some voluminous finding of fact and conclusion of law in order to support a conclusion that the court has reached or that that in and of itself is error? That seems like a stretch to me, that that would be considered error. Finally, with regard to the issue of claim preclusion itself, as Judge Gann properly pointed out and as we pointed out in our briefing, the issue, the argument for why the court below was wrong on the issue of claim preclusion is absent from the opening briefing. And this in and of itself indicates that the, this court shouldn't even consider arguments as to claim preclusion. Counselor, can I ask you, is the same thing true of the stay relief question and the question on reconsideration that was filed? Is there anything in the opening brief that addresses stay relief or reconsideration? I haven't seen either, Your Honor. And I have the brief in front of me. I reviewed it before the hearing. And when I read this brief, it is a recitation of the judicial increase and the issues that they've had all along with regard to where's the note, standing to foreclose, no possession, et cetera. But as to the procedural issues that you have asked about, I don't see it there. This particular debtor has been very, you know, steadfast in her determination to stop this foreclosure at all costs. And certainly on a human level, I can understand that. But he's had numerous fights to disapproval. Her husband and her have proceeded to take these numerous fights in front of the court below, the United States District Court, the State Court, Spokane County District, the Superior Court, et cetera. That skipped over one point that I think we didn't discuss in your recitation of the facts. And that was that before the last bankruptcy case was filed, the debtor went to State Court to try to enjoin the sale before she filed bankruptcy. And that request for an injunction was not granted by the State Court. That resulted in her filing the initial petition under Chapter 13 that ultimately converged to Chapter 7. That's accurate. The Spokane County Superior Court case that you're referencing is, I believe, entitled Church of the Gardens and this Knightsburg v. Gadotti. The primary claim in that case is for an injunction of the foreclosure. They attempted to get a preliminary injunction, did not, and then filed the underlying Chapter 13. That's accurate. And so in order to obtain the injunction, they would have had to demonstrate that there was a likelihood of success on the merits or that there was irreparable injury to them in order to achieve that, and either they didn't show one or the other or both. I believe the primary reasoning of the court,  was the lack of probability of success on the merits. So if there had been a claim that there was no note that they could establish any standing, then that would have militated, it seems, in favor of granting the injunction. Yes, Your Honor. And in fact, had they made that factual showing before the Superior Court, as had they made that showing here below in front of the Bankers Court, I think we'd be talking about a different situation entirely, but we're not. And that's all I have, unless the court has questions, additional questions for me. All right. Any further questions, Judge Gann? No? All right. Thank you. May I go? Yes, you've got about 30 seconds left. Okay. I'd like to point out that, once again, what's being told to this court isn't true. The original motion to restrain the sale pursuant to RCW 21-64-130 was denied because the commissioner didn't have time to review the pleadings. Then Agnes filed this appeal pro se, and once this case was dismissed, we went back to the Superior Court and filed a motion for summary judgment on this issue, which got put back because the appellees in this case and the defendants in that case needed to have it set back, and it's been set back again. It was due to be argued tomorrow. But at some point, our courts have to start looking at facts, and courts should not be offering to help one side or the other, especially when it comes to issues as important as subject matter jurisdiction. And I've got my time's up. All right. Thank you. This matter is submitted, and I think that's the end of our calendar. Thank you, panel. All right. All rise. This court is in recess.
judges: BRAND, SPRAKER, GAN